CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
09/12/2019
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
  DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

**TRAVIS T. TOLLEY,**

      **Plaintiff,**

      v.                            Civil Action No.: 6:19CV00063

**WELLS FARGO BANK, N.A.,**

      **Defendant.**

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA, LYNCHBURG DIVISION, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by counsel, hereby removes this action from the General District Court of Bedford, Virginia, to the United States District Court for the Western District of Virginia, Lynchburg Division. Jurisdiction of this Court is proper because this Court has original jurisdiction over the case by way of federal question jurisdiction pursuant to 28 U.S.C. § 1331. In support thereof, Wells Fargo states as follows:

## BACKGROUND

1. On August 12, 2019, Plaintiff Travis T. Tolley ("Plaintiff") filed an action against Wells Fargo in the General District Court of Bedford, Virginia, in an action styled *Travis T. Tolley v. Wells Fargo Bank, N.A.* Case No. GV19001944 (the "State Court Action").

2. In the Warrant in Debt, Plaintiff requests relief under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

3. A copy of the Warrant in Debt in the State Court Action is attached hereto as **Exhibit A**.

4. Wells Fargo denies the allegations in the Warrant in Debt, denies that Plaintiff has stated any claim for which relief may be granted, and denies that Plaintiff has suffered damages in any manner whatsoever. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, Plaintiff could have filed the Warrant in Debt in this Court under federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5. Upon information and belief, Wells Fargo was served with the Warrant in Debt on August 14, 2019. Consequently, removal of this Action is timely under the 30-day period prescribed by 28 U.S.C. § 1446(b).

6. As "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons," removal is timely here as 30 days have not elapsed since service of the Warrant in Debt filed in the State Court Action. *See* 28 U.S.C. § 1446(b)(2)(B).

**GROUNDS FOR REMOVAL – FEDERAL QUESTION JURISDICTION**

7. A civil action is removable if the Plaintiff could have originally brought the action in federal court pursuant to the Court's original jurisdiction. *See* 28 U.S.C. § 1441(a).

8. Under 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

9. In determining whether issues arise under federal law, the Court considers the substance of the underlying allegation, rather than its label or form. *See Cuyahoga River Power Co. v. Northern Ohio Traction & Light Co.*, 252 U.S. 388, 397 (1920) (concluding that "federal question [exists] not in mere form but in substance, and not in mere assertion, but in essence and effect"); *see also O'Connor v. Sand Canyon Corp.*, No. 6:14-cv-00024, 2014 U.S. Dist. LEXIS

142069, *8 (W.D. Va. Oct. 6, 2014) (plaintiff filed a lawsuit to set aside a foreclosure sale, however the Court determined that the allegations asserted claims under the Fair Debt Collection Practices Act, and denied remand).

10. In this State Court Action, even though Plaintiff does not expressly cite the FCRA, the requested relief of "removal of derogatory debt from all three credit bureaus: Trans Union, Experian, and Equifax" is governed by the FCRA, and, in any event, Plaintiff does not refer to any state statutory or common law in support of his claims. *See* Warrant in Debt.

11. Accordingly, this Court has original jurisdiction over the present lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violations of the laws of the United States.

## VENUE

12. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district embraces the General District Court of Bedford, Virginia, the forum in which the removed action was pending.

## NOTICE

13. Pursuant to 28 U.S.C. § 1446(d), concurrent with filing of this Notice of Removal, Wells Fargo will file a Notice of Filing of Notice of Removal with the Clerk of the General District Court of Bedford, Virginia, and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing of Notice of Removal, without exhibits, is attached hereto as **Exhibit B**.

14. This Notice of Removal is being served on all adverse parties as required by 28 U.S.C. § 1446(d).

15. If any questions arise as to the propriety of the removal of this action, Wells Fargo requests the opportunity to present a brief and argument in support of their position that this case is removable.

**WHEREFORE**, for the reasons stated above, Defendant Wells Fargo Bank, N.A. respectfully requests that the above-referenced case now pending in the General District Court of Bedford, Virginia, be removed to the United States District Court for Western District of Virginia, Lynchburg Division.

Dated:  September 12, 2019                    Respectfully submitted,

                                                                    **WELLS FARGO BANK, N.A.**

                                                                    */s/ Maryia Y. Jones*
                                                                    Of Counsel

Maryia Y. Jones (VSB No. 78645)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7539
Facsimile: (757) 687-1542
E-mail: maryia.jones@troutman.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

**TRAVIS T. TOLLEY,**

      **Plaintiff,**

  **v.**                              **Civil Action No.:**

**WELLS FARGO BANK, N.A.,**

      **Defendant.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September 2019, I electronically filed the foregoing *Notice of Removal* with the Clerk of Court using the CM/ECF system, and sent the same by regular U.S. First Class mail, postage prepaid, to the following:

**Plaintiff,** *pro se*

Travis T. Tolley
1245 Long Leaf Drive
Bedford, Virginia 24523

                                                */s/ Maryia Y. Jones*
                                                Maryia Y. Jones (VSB No. 78645)

TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7539
Facsimile: (757) 687-1542
E-mail: maryia.jones@troutman.com

*Counsel for Wells Fargo Bank, N.A.*